IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Stephon L. Hopkins, | ) | Case No.: 6:21-cv-00553-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Jacob A. Walters, *Officer*; Austin Fowler, | ) | |
| *Officer*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is an excessive use of force action arising from Plaintiff Stephon L. Hopkins's ("Hopkins") arrest by Defendants Officer Jacob A. Walters ("Walters") and Officer Austin Fowler ("Fowler") (collectively "Defendants") in Greenville County, South Carolina. Defendants move for summary judgment as a matter of law under the legal theories of res judicata and collateral estoppel because Plaintiff's state court action relating to the same events that established Plaintiff's claims resulted in a defense verdict following a five-day trial in the Court of Common Please for Greenville County, South Carolina. (DE 90, pp. 2-3.) In response, Plaintiff contends his claims here "do not share an identity with the [South Carolina Tort Claims Act] gross negligence claims in state court against the municipal entities," and thus res judicata does not apply. (DE 94, pp. 4-11), Additionally, Plaintiff contends Defendants have not shown that "the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment," and thus collateral estoppel does not apply. (Id. at 12-13).

The parties have briefed the motion, and it is ripe for review and decision. After reviewing the motion and memoranda submitted, the Court grants Defendants' Amended Motion for Summary Judgment (DE 90) for the reasons below.

## BACKGROUND

Plaintiff filed an action in state court against the Greenville County Sheriff's Office (GCSO) and Greenville County. (DE 73-1.) Plaintiff asserted claims against GCSO and Greenville County under the South Carolina Tort Claims Act. (Id.) Plaintiff stated that "[a]t all times relevant to this complaint, Deputy Walters and Deputy Fowler were employees and/or agents of Defendant GCSO and acting within the course and scope of their employment, in furtherance of the interests of GCSO, and with GCSO's knowledge and consent." (Id. at p. 8 ¶ 34.) Plaintiff further asserted that the Greenville County Sheriff's Office was vicariously liable for the actions of Deputies Fowler and Walters in arresting him on April 22, 2019. (Id. ¶ 36.) Plaintiff also sued Walters and Fowler in federal court, alleging Fourth and Fourteenth Amendment civil rights violations arising out of the same events for unlawful seizure of his person, excessive force, and cruel and unusual punishment. (DE 22.) This Court issued an order on November 3, 2022, granting summary judgment against Plaintiff on his claims of unlawful detention and excessive use of force at his residence. (DE 71.) The Court incorporates the "Background" section of that order by reference. (DE 71, pp. 2-6.) So there are only two claims remaining here: (1) Plaintiff's claim that Defendants used excessive force in detaining him after he ran across White Horse Road, and (2) Plaintiff's excessive force claim against Defendant Walters for striking him with the door of his patrol car at the Greenville County Detention Center. Both lawsuits involve the same facts.

The state court case was tried for five days starting April 17, 2023. (DE 73, ¶ 4.) Given that the South Carolina Tort Claims Act governed Plaintiff's state court claims, Plaintiff had to

prove that the Deputies were grossly negligent, resulting in the use of excessive force. (DE 73-1.) During the trial, Plaintiff contended that the Deputies used excessive force against him in their attempt to detain him at both the residence of Rosa Brannon and after he ran across White Horse Road. (Id. at p. 12, ¶ 50.) Plaintiff specifically contended that Deputy Walters hit him with handcuffs used as brass knuckles while Deputy Fowler held him down after chasing Plaintiff across White Horse Road. (Id.) In addition, Plaintiff alleged that the Greenville County Sheriff's Office was liable because Deputy Walters struck his head with the door of his patrol car at the Greenville County Detention Center. (Id. ¶ 52.)

After two hours, on Friday, April 21, 2023, the jury returned a verdict for both Defendants, and judgment was entered accordingly. (DE 73-2.) Given the verdict, these individual Defendants moved to amend their answer to add res judicata and collateral estoppel as defenses. (DE 73.) On June 28, 2023, this Court granted leave to file an amended answer. (DE 78.) Defendants filed their Amended Answer to Plaintiff's Complaint that same day. (DE 80.) On September 27, 2023, this Court granted leave to file this amended motion for summary judgment. (DE 89.)

## LEGAL STANDARD

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp., 477 U.S. at 322. "A fact is

3

'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." <u>Wai Man Tom v. Hosp. Ventures LLC</u>, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted). If the burden of persuasion at trial would be on the nonmoving party "a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Celotex Corp.</u>, 477 U.S. at 324. "[T]he burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325. "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied . . . ." <u>Id.</u> at 332 (Brennan, J., dissenting).

Accordingly, once the movant has made this threshold demonstration, to survive the motion for summary judgment, under Rule 56(e), the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp.</u>, 477 U.S. at 324 (citation omitted). Under this standard, "the mere existence of a scintilla of evidence" in favor of the non-movant's position is not enough to withstand the summary judgment motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). "Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." <u>Wai Man Tom</u>, 980 F.3d at 1037.

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." <u>Jacobs v. N.C. Admin. Off. of the Courts</u>, 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Practice & Procedure

4

§ 2728 (3d ed. 1998)).  "The court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict.  Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations."  Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted and alterations adopted).  A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party.  See id. at 659-60.

## DISCUSSION

Defendants contend that the defense verdict in Plaintiff's state court action precludes this action under the doctrine of res judicata.  (DE 90, pp. 2-3.)  The Court agrees.  Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties.  See Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999).  Under the doctrine of res judicata, "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit."  Id. (citing Hilton Head Center of South Carolina, Inc. v. Public Service Comm'n of South Carolina, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987).  To establish res judicata, the defendant must prove these three elements: (1) identity of the parties, (2) identity of the subject matter, and (3) adjudication of the issue in the former suit.[1] See id.

---

[1]     Plaintiff suggests the elements for res judicata to be applied here are "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits."  Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A., 816 F.3d 273, 276 (4th Cir. 2016).  This Court disagrees.  In that case, the Fourth Circuit affirmed the district court's determination that a prior decision in a proceeding in the United States Bankruptcy Court had res judicata effect on a subsequent federal court lender liability action.  This analysis

Under South Carolina law, "the doctrine of res judicata extends to include privy parties." Wilson v. Primerica Life Ins. Co., No. 2006-UP-365, 2006 WL 7286971, at *1 (S.C. Ct. App. Oct. 24, 2006) (citing Nunnery v. Brantley Constr. Co., Inc., 345 S.E.2d 740, 743 (Ct. App. 1986)). Here, Defendants are in privity with GCSO, and Plaintiff concedes this element.  (See DE 74, p. 3.)  The first element is therefore satisfied.

As to the second element, Plaintiff disputes the identity of the subject matter.  Plaintiff contends, "the pivotal question is whether the subject matter of the claims in the state trial against the municipal entities and the remaining claims against the individual defendants in this case embrace the same cause of action."  (DE 94, p. 6.)  To that end, Plaintiff believes his Fourth Amendment excessive force federal claim differs from his state claim for gross negligence.  (Id. at 7-8.)  Nevertheless, Plaintiff's theory does not satisfy the res judicata doctrine, and this Court rejects the same.  In Judy v. Judy, the South Carolina Supreme Court declined "to adopt or define a single standard" to determine whether there is an identity of subject matter.  393 S.C. 160, 172, 712 S.E.2d 408, 414 (2011) (citing Aliff v. Joy Mfg. Co., 914 F.2d 39, 43 (4th Cir.1990) ("There is no simple test to determine what constitutes the same cause of action for res judicata purposes. Each case presents different facts that must be assessed within the conceptual framework of the doctrine.")).  Instead, the South Carolina Supreme Court reiterated that "[r]es judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."  Id.

---

does not apply to state court judgments.  28 U.S.C. § 1738 provides "[t]he . . . Judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State."  See also Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.")

Plaintiff acknowledges that his claims in both the state action and this action "arose out of the same incident."  (DE 74, p. 3.)  Even so, Plaintiff contends the claims do not "embrace the same cause of action" because "the primary right and duty and the delict or wrong" in his state claim for gross negligence and federal claim for excessive force under the Fourth Amendment are not the same.  (DE 94, p. 6.)  But Plaintiff's argument raises a distinction with no consequence to a defense of res judicata.  The <u>Judy</u> Court noted "for purposes of res judicata, 'cause of action' is not the form of action in which a claim is asserted but, rather the 'cause *for* action, meaning the underlying facts combined with the law giving the party a right to a remedy of *one form or another based thereon*.'" <u>Judy</u>, 393 S.C. at 172, 712 S.E.2d at 414 (emphasis added) (citiation omitted).

Here, Plaintiff alleged that Defendants GCSO and Greenville County were grossly negligent by "using and allowing unnecessary and excessive force, and that said actions and inactions were reckless and or constituted the total absence of care likely to result in violations of citizens' rights . . . ."  (DE 73-1, p. 10 ¶ 42.)  In this case, Plaintiff asserts claims under Section 1983 based on allegations that "Deputy Walters and Deputy Fowler used unnecessary and excessive force" against Plaintiff in violation of his constitutional rights under the Fourth Amendement.  (DE 22, p. 9 ¶ 40.)  Thus, although the form of action may differ between Plaintiff's state and federal claims, they both rely on the same underlying facts and allegations of "excessive force" that give Plaintiff the same "cause *for* action."  <u>See</u> <u>Judy</u>, 393 S.C. at 172, 712 S.E.2d at 414 (emphasis added).  So the subject matter is the same in both actions, and the second element of res judicata is satisfied.[2]

---

[2]    Furthermore, "[res judicata] bars plaintiffs from pursuing a later suit where the claim (1) was litigated or (2) could have been litigated."  <u>Catawba Indian Nation v. State</u>, 407 S.C. 526, 537, 756 S.E.2d 900, 906 (2014).  Here, the current federal claims could have been litigated in the state court trial.  <u>See</u> <u>Felder v. Casey</u>, 487 U.S. 131, 139 (1988) (stating state courts "possess concurrent jurisdiction" with federal courts over § 1983 actions).

As for the last element, adjudication of the issue in the former suit, the United States Supreme Court has held that "[a] final decision [is one] that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."  Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 86 (2000).  As previously stated, in the state court action,  Plaintiff alleged GCSO and Greenville County were grossly negligent, in part, by way of their liability for Walters and Fowler's excessive use of force.  (DE 73-1 ¶ 42.)  The state court case was tried for five days, after which the jury returned a verdict for Defendants GCSO and Greenville County, finding they were not grossly negligent.  (DE 73-2.)  Therefore, the state court judgment is a final judgment on the merits of Walters and Fowler's use of excessive force, and the third element is satisfied. Accordingly,  Plaintiff's current claims against Walters and Fowler for excessive force are barred by res judicata.[3]

## CONCLUSION

Accordingly, the Court grants Defendants' Amended Motion for Summary Judgment (DE 90) for all these reasons.

---

[3]     Defendants also contend that collateral estoppel equally bars Plaintiff's lawsuit, but the Court finds that the doctrine of res judicata is dispositive.  At any rate, even if Plaintiff claims this defense is inapplicable, the Court finds that Defendants equally meet the test under the doctrine of collateral estoppel. The party asserting collateral estoppel must show that the issue was (1) actually litigated in the prior action, (2) directly determined in the prior action, and (3) necessary to support the prior judgment.  Plum Creek Dev. Co., Inc. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106 (1999).  Defendants have shown that Plaintiff actually litigated the issues in the prior action of whether Deputies used excessive force when Plaintiff was allegedly struck with handcuffs after running across White Horse Road and surrendering, and whether Deputy Walters had intentionally hit him with the door of his patrol car at the Greenville County Detention Center.  Thus, the state court jury determined in the prior action that no excessive force was used, and the issue of whether the Deputies used excessive force was necessary to support the prior judgment of the jury's determination that GCSO was not grossly negligent.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

November 27, 2023
Florence, South Carolina